The opinion of the Court was delivered by
Evans, J.
In these cases we must assume that the plaintiff was lawfully married to Pulliam, and that she married Chapman before the expiration of seven years from the time Pulliam left her. There were rumors both of his death and of his being alive, but no certain evidence of either was adduced. If he was dead, then the second marriage was lawful. If not, then it was unlawful, and the plaintiff is not entitled to dower in the lands of the second husband, for the recovery of which these actions are brought. A period of more than fifty years has elapsed since the date of these transactions, and it is argued that from the great length of time, we ought to presume every thing which is necessary to give validity to the second marriage. In recent transactions, belief is founded on proof, but in matters of antiquity, when time has swept away the witnesses of any fact, there can be no proof. In such cases, the law comes in and supplies the place of proof by presumptions. “ We infer the existence of one fact from the existence of another fact, founded on our previous experience of their connexion.” Where all who axe interested in a fact have, by their conduct, treated it as true, the law presumes it to be so, reasoning from the known principles which actuate human conduct. If one has had undisputed possession of land for twenty years and more, we presume he had a title, because it is the conclusion to be drawn from his *459 own conduct, and the conduct of those who were interested to dispute it if it were not so. The fact to be presumed in this case is, the death of Pulliam before the second marriage. The facts are, that more than fifty years ago he left his wife. His actual existence since that time has not been proved. There were rumors of his death, and the contrary. His wife married again, and the legality of that marriage has been acquiesced in by all who were interested in it.
If the question were now, whether he is dead, I suppose there would be no difference of opinion, whether we regarded it as a question of belief or of legal presumption. But this does not solve the question made in the case: — Did he die before the second marriage ?
In the case of McLeod vs. Rogers & Gardner, (2 Rich. 19,) it was held that the presumption of a grant was coeval with the commencement of the possession from which its existence was presumed, and, therefore, the original possession began with title and not in trespass. I think the same is to be inferred from all the cases which have been decided on the principles of the common law.
But there is another rule, in relation to the presumed duration of human life, which has grown out of the stat. 1 Jac. I, c. 11, sec. 2, which exempts one from the penalties of bigamy, whose husband or wife has been absent, and not heard from in the space of seven years; and of which our own statute, on the same subject, is, I think, an exact copy. In the construction of that statute, it has been held, that the only presumption which arises is that of death, and none as to the time of death. 5 B. & Ad. 86 — Knight vs. Nepean, (27 Eng. C. L. Rep. 42). Whether that construction arises from the peculiar wording of the statute I know not, but I can see no reason why, when the presumption depends on the common law acquiescence of twenty years and upwards, we should be restrained from giving the presumption the same effect as to time, that we give to other presumptions.
But there is another view of the case which is in harmony with the rule above stated, in relation to the presumption arising *460 from seven years. If the law presumes the duration of human life for seven years, it also presumes that the plaintiff would not commit the crime of bigamy. These are what are called conflicting presumptions, and came under consideration in the case of Rex vs. Twyning, (2 B. & Al. 386). That case was a question of settlement in a Parish. The woman was the wife of a soldier who went abroad and was never heard of afterwards.— She married again in a little more than twelve months after his departure, and the question was, whether the issue of the second marriage were legitimate? Bayley and Best, who heard the case on appeal from the Sessions, held that they were. It was considered as a case of conflicting presumptions, and the question was, which was to prevail. It was said — “the law presumes the continuance of life for seven years, but it also presumes against the commission of crime. It is contended the death of the husband ought to have been proved, but the answer is, that the presumption of law is, that he was not alive, when the consequence of his being so, is that another person has committed a crime.” The correctness of the application of the rule to a case where the husband had been absent so short a time, was afterwards questioned in the King’s Bench, in Rex vs. Harborne, (2 A. & El. 540; 29 Eng. C. L. R. 161). But the principal objection seems to have been, that in the former case, it was laid down as a strict rule of law, and not a ;presumptio juris, good until rebutted. Best on Pres. 61, (37 Law Lib). It is very clear the jury may find the death from the lapse of a shorter period than seven years, if other circum? stances concur. 1 Grenl. Ev. § 41. I agree with Lord Denman in the case of Rex vs. Harborne, that there can be no rigid presumption of law on such questions of fact, without the accompanying circumstances, but I think the facts of the case added to the presumption that the plaintiff is innocent of the crime of bigamy, should have prevailed over the naked presumption that Pulliam was alive at the time of the second marriage, because it was proved he was living five or six years before.
We think the jury, in the first and third cases above named, *461 did not give to the circumstances of the case and the presumption of innocence, their due importance and legal effect, and, therefore, the motion for a new trial in these cases is granted.— In the second case, in which the jury found for the- demandant, the motion is dismissed.
O’Neall, Frost and Whitner, JJ. concurred.